**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2430-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

M.R.P.,

    Defendant-Appellant.

_____

Submitted May 10, 2017 — Decided July 18, 2017

Before Judges Alvarez and Manahan.

On appeal from the Superior Court of New
Jersey, Law Division, Morris County,
Indictment No. 10-09-1016.

Joseph E. Krakora, Public Defender, attorney
for appellant (John V. Molitor, Designated
Counsel, on the brief).

Fredric M. Knapp, Morris County Prosecutor,
attorney for respondent (Erin Smith Wisloff,
Supervising Assistant Prosecutor, on the
brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant M.R.P. appeals the November 12, 2015 order denying his petition for post-conviction relief (PCR). We affirm for the reasons stated by Judge Stuart A. Minkowitz in his detailed written decision. We add some brief comments.

We denied defendant's direct appeal in State v. M.R.P., No. A-2982-11 (App. Div. Sept. 5, 2014). His petition for certification to the Supreme Court was also denied. State v. M.R.P., 220 N.J. 575 (2015). Defendant was convicted by a jury of multiple counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree sexual assault, N.J.S.A. 2C:14-2(b); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a). The two victims were his nieces, B.P. and A.P. Defendant was sentenced on December 16, 2011, to an aggregate term of forty years imprisonment, subject to the No Early Release Act's eighty-five percent parole ineligibility. N.J.S.A. 2C:43-7.2.

Defendant's sexual abuse of B.P. began in 1998, when she was eight years old, and was sent by family from El Salvador to live here. A.P., her younger sister, was abused when she visited B.P. in defendant's home years later. The sexual assaults on B.P. continued until her adolescence, when A.P. disclosed defendant's conduct to the family. They came to this country to remove B.P.

from defendant's care.  The criminal charges were filed at that time.

M.R.P. raised nineteen separate arguments for post-conviction relief in his petitions.  On appeal, his counseled brief raises two:

> POINT I
> THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> POINT II
> THE TRIAL COURT ERRED IN REFUSING TO TAKE INTO ACCOUNT THE PROPOSED TESTIMONY OF R.P. IN MAKING ITS DECISION TO DENY DEFENDANT AN EVIDENTIARY HEARING.

Defendant's uncounseled brief raises eight points of error as follows:

> POINT I
> THE COURT VIOLATED THE APPELLANT'S RIGHTS WHEN IT DENIED HIM THE OPPORTUNITY TO PRESENT EVIDENCE TO SUPPORT HIS POST-CONVICTION RELIEF PETITION.
>
> POINT II
> THE COURT ERRED WHEN IT RULED THAT THE MEDICAL EVIDENCE WAS IRRELEVANT DESPITE ITS CLEAR EXCULPATORY VALUE AND DESPITE LONG-ESTABLISHED LEGAL PRECEDEN[TS].
>
> POINT III
> THE COURT ERRED AND CONTRADICTED ITSELF WHEN IT RULED THAT THE DEFENDANT HAD RECEIVED ADEQUATE LEGAL ASSISTANCE WHILE AT THE SAME

TIME RULING HIS ARGUMENTS INVALID BECAUSE THEY WERE NOT RAISED EARLIER.

POINT IV
THE COURT ERRED WHEN IT REFUSED TO ADDRESS THE LEGALITY OF THE SEARCH OF THE APPELLANT'S RESIDENCE.

POINT V
THE COURT SHOWED GROSS ABUSE OF DISCRETION AND DELIBERATE INDIFFERENCE WHEN IT FAILED TO EXAMINE THE POSSIBILITY OF PROSECUTORIAL VINDICTIVENESS.

POINT VI
THE COURT DOUBLE-COUNTED ELEMENTS OF THE CRIME TO SUPPORT THE APPLICATION OF AGGRAVATING FACTOR 1 DURING SENTENCING.

POINT VII
THE COURT INCORRECTLY DISMISSED CRITICAL NEWLY UNCOVERED EVIDENCE.

POINT VIII
THE IMPOSITION BY THE COURT OF A SPECIAL SENTENCE OF PAROLE SUPERVISION FOR LIFE VIOLATED THE DOUBLE JEOPARDY CLAUSES OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS RENDERING THE SENTENCE ILLEGAL.

We first address the points raised in the counseled brief. In point one, defendant attacks the court's failure to fully explore the claim that the eighteen-year plea offer was not conveyed to him. However, the judge, although he mentioned the possibility of finding additional corroboration of the information presented to him at the time of the PCR argument, considered the information he had sufficient to rule. That information was dispositive — a letter defendant wrote to the court prior to

4

trial about the plea bargaining process. In that June 26, 2009 letter, written two years before the trial, defendant complained to the judge that the prosecutor had changed the plea offer from fifteen to eighteen years "for the sole reason that, as [the prosecutor] put it, I 'should not be rewarded' for not accepting before." The claim regarding ineffective assistance of counsel based on the alleged failure to communicate the eighteen-year plea offer was completely refuted by the letter defendant wrote to the judge complaining about it. The judge's denial of relief on that basis is unassailable.

The second point in the counselled brief goes to the trial court's alleged failure to take into account the information defendant characterized as new evidence. Defendant's brother wrote a letter in which he said B.P. and A.P. acknowledged to him that their accusations against defendant were false, and in which he ascribed improper motives to the allegedly false accusations. The letter was undated and uncertified. As the judge noted, the letter also said that defendant's brother conveyed this information to defendant's attorney in 2008 or 2009, years before the trial. The contents of the letter cannot be considered newly discovered evidence. Defendant's brother was not called to testify at trial.

A-2430-15T3

Furthermore, A.P. and B.P. were both extensively cross-examined, including questions about the factual allegations made in the letter. In other words, although the letter was not identified as the source, the same issues the letter raised were covered in the trial. Hence, we are satisfied that judge correctly declined to find that the undated and uncertified letter had any evidentiary value.

Most of the points defendant raises in the uncounseled brief are barred by Rule 3:22-4. Subsection (a) of the rule states that a ground for relief not previously raised is barred from PCR consideration if it could have been addressed on direct appeal. The rule allows for certain exceptions — none of which applied here. Therefore, the judge properly refused to consider issues that fell within that category.

In order to establish ineffective assistance of counsel as the basis for post-conviction relief, a defendant must meet two requirements — that the objected-to representation fell outside the range of competent professional assistance, and ultimate prejudice to the outcome. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). In reviewing such claims, there is a strong presumption that counsel's performance fell within the range of reasonable representation. State v. Hess, 207 N.J. 123, 147 (2011). Objectively reasonable,

although ultimately unsuccessful, decisions regarding strategy made by counsel fall within the range of adequate representation. State v. Arthur, 184 N.J. 307, 319 (2005).

We address only one point in defendant's uncounseled brief — the allegation that trial counsel was ineffective because he did not obtain B.P.'s records. Judge Minkowitz concluded that even if B.P.'s medical records did not include complaints about, or physical manifestations of, sexual abuse, they would likely not have affected the outcome. The strength of B.P. and A.P.'s testimony was bolstered by DNA evidence that established intercourse between B.P. and defendant. There is no reason in this case to conclude that had those records been made available, that they would have been anything other than neutral.

In sum, defendant fell woefully short of even approximating a prima facie case of ineffective assistance of counsel such as would have warranted a plenary hearing. Viewing the facts in the light most favorable to him, it is nonetheless clear none of his claims require additional proceedings. See State v. Jones, 219 N.J. 298, 311 (2014); State v. Marshall, 148 N.J. 89, 158 (1997).

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION